ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

By:    SHERLE R. FLAGGMAN (019079)
       MAXINE S. MAK (031158)
       Deputy County Attorneys
       flaggmas@mcao.maricopa.gov
       mak@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone: (602) 506-8541
Facsimile: (602) 506-4317
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No.: 00032000

Attorneys for Defendants Maricopa County, Phillips,
Burke, Schroeder, Contreras, Kohlmann, Saturday,
& Aquino

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alicia Rollins AS Personal Representative of The Estate of John Eric Rollins, Jr., for and on behalf of Alicia Rollins in her individual capacity; Kimberly Jackson; J'Da Rollins; and Nevaeh A. Bailey Rollins,<br><br>                  Plaintiff,<br><br>v.<br><br>Maricopa County, a governmental entity; Director Grant Phillips, M.D. and Jane Doe Phillips individually and as husband and wife; Lindsey Burke, P.A. and John Doe Burke individually and as husband and wife; Bonnie Schroeder, P.A. and John/Jane Doe Schroeder individually and as husband and wife; Gayle Kohlmann, R.N. and John/Jane Doe Kohlmann individually and as husband and wife; Nathan | NO. CV20-00664-PHX-DWL (ESW)<br><br>**DEFENDANTS MARICOPA COUNTY, PHILLIPS, BURKE, SCHROEDER, CONTRERAS, KOHLMAN, SATURDAY & AQUINO'S ANSWER TO PLAINTIF'S FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL PER RULE 38, Fed.R.Civ.P.** |

Fischer, P.A. and John/Jane Doe Fischer
individually and as husband and wife;
Registered Nurse Jennifer Doe and John/Jane
Doe individually and as husband and wife;
Correctional Health Registered Nurse CS564;
Correctional Health Registered Nurse CS565;
Correctional Health Technician 1077H;
Correctional Health Registered Nurse 1096H;
Automotive Personnel Network d/b/a APN
Staffing and Employment Solutions, an
Arizona Limited Liability Corporation; Sanya
Oluwaseun and John Doe Oluwaseun,
individually and as husband and wife; John
and Jane Does I-X; Black Corporations I-X;
White Partnerships I-X,

Defendants.

Defendants Maricopa County, Phillips, Burke, Schroeder, Contreras, Kohlmann, Saturday, & Aquino respond to Plaintiff's First Amended Complaint ("FAC") by denying every allegation therein except as otherwise admitted or qualified, as follows.

## PARTIES, JURISDICTION AND VENUE

1.      Defendants admit the allegations contained in this paragraph based upon information and belief.

2.      Defendants admit the allegations contained in this paragraph based upon information and belief. However, Defendants avow that Mr. Rollins was in the custody of the Maricopa County Sheriff and was housed in the Durango Jail.

3.      Defendants admit that Maricopa County is a body politic and corporate, possessing all the powers expressly provided in the constitution or laws of this state and such powers as are necessarily implied therefrom. Defendants deny as untrue the remaining

allegations contained in this paragraph.

4.      Defendants admit that Defendant Grant Phillips is a physician licensed by the State of Arizona who was formerly employed by Maricopa County Correctional Health Services ("CHS") and who held the position of CHS Medical Director between February 2018 and November 2, 2020. Defendants avow that while he was Medical Director, Dr. Phillips was the CHS responsible health authority tasked with ensuring the organization and delivery of health care within the MCSO jails. Defendants deny as untrue the remaining allegations of this paragraph.

5.      Because the allegations contained in this paragraph are not directed to these answering Defendants, no response is required or provided from these Defendants. Upon information and belief, Defendants avow that "PAC" refers to Physician Assistant – Certified and does not identify a particular person.

6.      Defendants admit that Defendant Lindsey Burke is a Physician Assistant licensed by the State of Arizona who is employed by Maricopa County CHS. Defendants deny as untrue the remaining allegations contained in this paragraph.

7.       Defendants admit that Defendant Bonnie Schroeder is a Physician Assistant licensed by the State of Arizona who is employed by Maricopa County CHS. Defendants deny as untrue the remaining allegations contained in this paragraph.

8.      Defendants avow that Sylvia Gayle Kohlmann is a registered nurse licensed by the State of Arizona who is employed by Maricopa County CHS. Defendants deny as untrue the remaining allegations contained in this paragraph.

9.      Defendants admit that Jennifer Contreras is a registered nurse licensed by the

State of Arizona who is employed by Maricopa County CHS.  Defendants deny as untrue the remaining allegations contained in this paragraph.

10.     Defendants admit that Defendant Arlane Aquino is a registered nurse licensed by the State of Arizona who is employed by Maricopa County CHS. Defendants deny as untrue the remaining allegations contained in this paragraph.

11.     Because the allegations contained in this paragraph are not directed to these answering Defendants, no response is required or provided from these Defendants.

12.     Defendants admit that Defendant Leslie Saturday is a correctional health technician who is employed by Maricopa County CHS. Defendants deny as untrue the remaining allegations contained in this paragraph.

13.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

14.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

15.     Defendants deny as untrue the allegations contained in this paragraph.

16.     Because there are no allegations of fact contained in this paragraph, no response is required or provided from these Defendants.

17.     Defendants admit the allegations contained in this paragraph.

18.     Because there are no allegations of fact contained in this paragraph, no response is required or provided from these Defendants.

19.     Defendants admit the allegations contained in this paragraph.

20.     Defendants admit the allegations contained in this paragraph.

21.     Because there are no allegations of fact contained in this paragraph, no response is required or provided from these Defendants. Defendants deny as untrue, however, that their actions give rise to any cause of action that would create liability on their part. Defendants further deny as untrue that Plaintiff or decedent's statutory beneficiaries are entitled to any form of relief or damages. Defendants further deny as untrue that Plaintiff or decedent's statutory beneficiaries have cognizable claims arising under the United States Constitution or any amendments thereto.

22.     Because there are no allegations of fact contained in this paragraph, no response is required or provided from these Defendants.

23.     Defendants admit the allegations contained in this paragraph.

### FACTUAL BASIS FOR CLAIMS FOR RELIEF

24.     Defendants reassert and incorporate by reference their responses to all previous paragraphs of Plaintiff's First Amended Complaint as if fully set forth herein.

25.     Defendants admit that Maricopa County is a public entity as provided by Arizona law. Defendants deny as untrue the remaining allegations contained in this paragraph. By way of further response, Defendants avow that Maricopa County Correctional Health Services is an administrative creation of Maricopa County which provides healthcare to patients in the County jail pursuant to Ariz. Rev. Stat. § 11-291(A) which empowers the Board of Supervisors to provide for the hospitalization and medical care of persons under the supervision of a county corrections agency, and pursuant to Ariz.

Rev. Stat. § 11-291(B) which empowers the Board of Supervisors to employ physicians and other persons necessary to accomplish this. Defendants deny as untrue the remaining allegations contained in this paragraph.

26.     Defendants admit that Maricopa County Correctional Health Services is an administrative creation of Maricopa County which provides healthcare to patients in the county jail pursuant to Ariz. Rev. Stat. § 11-291(A) which empowers the Board of Supervisors to provide for the hospitalization and medical care of persons under the supervision of a county corrections agency, and pursuant to Ariz. Rev. Stat. § 11-291(B) which empowers the Board of Supervisors to employ physicians and other persons necessary to accomplish this. Defendants deny as untrue the remaining allegations contained in this paragraph.

27.     Defendants deny as untrue the allegations contained in this paragraph.

28.     Based upon information and belief, Defendants avow that a contract was entered into between Vizient Workforce Optimization and Defendant APN pursuant to which healthcare personnel employed by APN provided healthcare services to inmates in the Maricopa County Sheriff's Office Jails.

29.     Defendants deny as untrue the allegations contained in this paragraph.

30.     Defendants deny as untrue the allegations contained in this paragraph.

31.     Defendants admit the allegations contained in this paragraph but clarify that Mr. Rollins was in the custody of the Maricopa County Sheriff.

32.     Defendants deny as untrue the allegations contained in this paragraph.

33.     Defendants admit that Mr. Rollins was placed on the COWS protocol on

February 23, 2019.

34.     Defendants admit the allegations contained in this paragraph.

35.     Defendants deny as untrue the allegations set forth in this paragraph. Defendants avow that Mr. Rollins reported the described symptoms on February 24, 2019.

36.     Defendants avow that Mr. Rollins was seen by RN1096H on February 27, 2019 for complaints of chronic back pain since his teen years.  Defendants deny as untrue the remaining allegations contained in this paragraph.

37.     Defendants admit that Mr. Rollins' medical records document four sets of vital signs on February 28, 2019.

38.     Defendants avow that Mr. Rollins' COWS protocol was discontinued on March 1, 2019.   Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

39.     Defendants avow that Mr. Rollins' medical records document that he walked into the CHS clinic "for chest pain x 2 days."

40.     Defendants avow that Mr. Rollins' medical records document that he was seen by Nurse Aquino. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

41.     Defendants avow that Mr. Rollins' medical records document that RN Aquino contacted PA Schroeder who ordered an EKG. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and

therefore deny the same as untrue and demand proof from Plaintiff.

42.     Defendants avow that Mr. Rollins' medical records document that an EKG was performed by a correctional health technician, and the results were faxed to the 4th Avenue Jail intake department. Defendants admit that Mr. Rollins' medical records document that RN Aquino contacted PA Schroeder regarding the EKG results.

43.     Based upon information and belief, Defendants admit the allegations contained in this paragraph.

44.     Defendants avow that Mr. Rollins' medical records document that his EKG was reviewed. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

45.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

46.     Defendants avow that Mr. Rollins' medical records document that his EKG was reviewed. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

47.     Defendants avow that the EKG result were reviewed with Mr. Rollins. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

48.     Defendants deny as untrue the allegations contained in this paragraph and avow that RN Aquino utilized a "muscular strains-pain" Nursing Assessment Protocol in connection with her evaluation of Mr. Rollins.

49.     Defendants avow that Mr. Rollins' medical records document that he was provided with Tylenol 1 gram by mouth at 0100 on March 4, 2019.

50.     Defendants avow that Mr. Rollins' medical records document that he was seen by RN Kohlmann on March 6, 2019. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

51.     Defendants deny as untrue the allegations set forth in this paragraph.

52.     Defendants deny as untrue the allegations set forth in this paragraph and avow that RN Kohlmann utilized a "common cold" nursing assessment protocol in connection with her evaluation of Mr. Rollins.

53.     Defendants avow that RN Kohlmann documented Mr. Rollins' reports and provided him with education and instructions according to the patient education portion of the nursing assessment protocol, including instructions to report to the medical clinic for worsening symptoms.

54.     Defendants admit that Mr. Rollins was seen by RN Kohlmann at 10:26 a.m. on March 6, 2019.

55.     Defendants avow that Mr. Rollins' medical records document that Leslie Saturday recorded vital signs at 12:00 p.m. on March 6, 2019. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this

paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

56.     Defendants admit that Mr. Rollins' blood pressure was recorded by Leslie Saturday at 12:00 p.m. on March 6, 2019 and that his temperature was not recorded at that time.

57.     Defendants avow that Mr. Rollins' blood pressure flow sheet completed by Leslie Saturday at 12:00 p.m. on March 6, 2019 documents "Nurse Sonja advised. Pt. sent to Medical."

58.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

59.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

60.     Defendants avow that Mr. Rollins' blood pressure was recorded by CHT Faith Conkle, 1931H, at 10:51 a.m. on March 8, 2019. Defendants further avow that CHT Conkle documented "RN CS564 spoke with the patient about the elevated pulse." Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

61.     Defendants avow that at 10:51 a.m. on March 8, 2019, CHT Conkle documented "RN CS564 spoke with the patient about the elevated pulse." Defendants lack information upon which to form a belief as to the truth of the remaining allegations

contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

62.     Defendants avow that Mr. Rollins' medical records document that he was seen on March 11, 2019 by a physician assistant. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

63.     Defendants avow that Mr. Rollins' medical records document that the physician assistant charted her findings. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

64.     Defendants avow that Mr. Rollins' medical records document that the physician assistant charted her findings. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

65.     Defendants deny as untrue the allegations set forth in this paragraph.

66.     Defendants deny as untrue the allegations set forth in this paragraph.

67.     Defendants deny as untrue the allegations set forth in this paragraph.

68.     Defendants deny as untrue the allegations set forth in this paragraph.

69.     Defendants admit that Nurse Contreras documented Mr. Rollins' vital signs on March 12, 2019 at 7:40 a.m.

70.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand

proof from Plaintiff.

71.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

72.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

73.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

74.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

75.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

76.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

77.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

78.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

79.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

80.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

81.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

82.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

83.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

84.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

85.     Defendants lack information upon which to form a belief as to the truth of the

allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

86.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

87.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

88.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

89.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

90.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

91.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

92.     Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand

proof from Plaintiff.

93.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

94.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

95.    Defendants avow that Nurse Friday documented her findings on March 12, 2019 at 12:34 p.m. in a Cardiopulmonary Arrest Emergency Response Order. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

96.    Defendants avow that a cardiopulmonary Emergency Response Order form completed on March 12, 2019 documents the healthcare interventions administered to Mr. Rollins.

97.    Defendants avow that a cardiopulmonary Emergency Response Order form completed on March 12, 2019 documents the healthcare interventions administered to Mr. Rollins. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

98.    Defendants deny as untrue the allegations contained in this paragraph.

99.    Defendants avow that a cardiopulmonary Emergency Response Order form

completed on March 12, 2019 documents the healthcare interventions administered to Mr. Rollins. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

100.   Defendants avow that a cardiopulmonary Emergency Response Order form completed on March 12, 2019 documents the healthcare interventions administered to Mr. Rollins. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

101.   Defendants avow that a cardiopulmonary Emergency Response Order form completed on March 12, 2019 documents the healthcare interventions administered to Mr. Rollins. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

102.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

103.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

104.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand

proof from Plaintiff.

105.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

106.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

107.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

108.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

109.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

110.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

111.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

**FIRST CAUSE OF ACTION**

**NEGIGENCE/MEDICAL MALPRACTICE/WRONGFUL DEATH**

112.    Defendants reassert and incorporate by reference their responses to all previous paragraphs of Plaintiff's First Amended Complaint as if fully set forth herein.

113.    Defendants admit that decedent Rollins was an inmate incarcerated in the Maricopa County Sheriff's Office Jail. Defendants avow that Mr. Rollins received medical care from Maricopa County Correctional Health Services during his incarceration. Defendants deny as untrue the remaining allegations contained in this paragraph.

114.    Defendants admit that Phillips, Burke, Schroeder, Kohlmann, Contreras, Aquino and Saturday were, at all times relevant, employees of Maricopa County and, while providing care to Mr. Rollins, were acting within the course and scope of their employment. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

115.    Based upon information and belief, Defendants avow that a contract was entered into between Vizient Workforce Optimization and Defendant APN pursuant to which healthcare personnel employed by APN provided healthcare services to inmates in the Maricopa County Sheriff's Office Jails. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

116.    Defendants admit that Phillips, Burke, Schroeder, Kohlmann, Contreras, Aquino and Saturday were acting under color of state law at all times relevant.  Defendants

lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

117.    Defendants admit that, under certain facts and circumstances, Maricopa County may bear *respondeat superior* liability for the acts of its employees acting within the course and scope of their employment. Defendants deny as untrue the remaining allegations contained in this paragraph.

118.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

119.    Defendants deny as untrue the allegations set forth in this paragraph.

120.    Defendants avow that Correctional Health Services personnel owe their patients a duty of reasonable care and to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which (s)he belongs within the state acting in the same or similar circumstances.

121.    Defendants deny as untrue the allegations set forth in this paragraph.

122.    Defendants deny as untrue the allegations set forth in this paragraph.

123.    Defendants deny as untrue the allegations set forth in this paragraph.

## AQUINO

124.    Defendants admit that Nurse Aquino saw Mr. Rollins on March 4, 2019.

125.    Defendants avow that Nurse Aquino entered her findings into Mr. Rollins' medical record. Defendants lack information upon which to form a belief as to the truth of

the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

126.    Defendants avow that Nurse Aquino entered her findings into Mr. Rollins' medical record. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

127.    Defendants avow that Nurse Aquino documented Mr. Rollins' history in his chart.

128.    Defendants avow that Nurse Aquino contacted PA Schroeder.

129.    Defendants admit the allegations contained in this paragraph.

130.    Defendants avow that Nurse Aquino entered into Mr. Rollins' medical record that an EKG was done and the results were faxed to 4th Avenue intake.

131.    Defendants deny as untrue the allegations contained in this paragraph.

132.    Defendants avow that Correctional Health Services personnel owe their patients a duty of reasonable care and to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which (s)he belongs within the state acting in the same or similar circumstances. Defendants further avow that Defendant Aquino met and fulfilled her duty of care.

133.    Defendants avow that the Maricopa County Medical Examiner's Report reported that the cause of Mr. Rollins death on March 12, 2019 was complications of infective endocarditis, and that the manner of death was natural.

134.    Defendants deny as untrue the allegations set forth in this paragraph.

135.   Defendants deny as untrue the allegations set forth in this paragraph.

136.   Defendants deny as untrue the allegations set forth in this paragraph.

## SCHROEDER

137.   Defendants admit that Nurse Aquino documented that she contacted PA Schroeder.

138.   Defendants avow that Nurse Aquino and PA Schroeder discussed Mr. Rollins' presentation.  Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

139.   Defendants admit the allegations contained in this paragraph.

140.   Defendants admit the allegations contained in this paragraph.

141.   Defendants admit that PA Schroeder issued a telephonic order.

142.   Defendants admit the allegations contained in this paragraph.

143.   Defendants admit the allegations contained in this paragraph.

144.   Defendants avow that Nurse Aquino made an entry in Mr. Rollins' medical record documenting her call with PA Schroeder. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

145.   Defendants avow that Correctional Health Services personnel owe their patients a duty of reasonable care and to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which (s)he belongs within the state acting in the same or similar circumstances. Defendants

further avow that Defendant Schroeder met and fulfilled her duty of care.

146. Defendants avow that Correctional Health Services personnel owe their patients a duty of reasonable care and to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which (s)he belongs within the state acting in the same or similar circumstances. Defendants further avow that Defendant Schroeder met and fulfilled her duty of care.

147. Defendants deny as untrue the allegations set forth in this paragraph.

148. Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

149. Defendants avow that the Maricopa County Medical Examiner's Report reported that the cause of Mr. Rollins death on March 12, 2019 was complications of infective endocarditis, and that the manner of death was natural.

150. Defendants avow that Correctional Health Services personnel owe their patients a duty of reasonable care and to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which (s)he belongs within the state acting in the same or similar circumstances. Defendants further avow that Defendant Schroeder met and fulfilled her duty of care.

151. Defendants deny as untrue the allegations set forth in this paragraph.

152. Defendants deny as untrue the allegations set forth in this paragraph.

153. Defendants deny as untrue the allegations set forth in this paragraph.

## KOHLMANN

154.    Defendants avow that Nurse Kohlmann documented her encounter with Mr. Rollins in his medical records.  Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

155.    Defendants deny as untrue the allegations set forth in this paragraph.

156.    Defendants avow that Nurse Kohlmann documented her encounter with Mr. Rollins on a Common Cold Nursing Assessment Protocol form. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

157.    Defendants avow that Correctional Health Services personnel owe their patients a duty of reasonable care and to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which (s)he belongs within the state acting in the same or similar circumstances. Defendants further avow that Defendant Kohlmann met and fulfilled her duty of care.

158.    Defendants deny as untrue the allegations set forth in this paragraph.

159.    Defendants deny as untrue the allegations set forth in this paragraph.

160.    Defendants deny as untrue the allegations set forth in this paragraph.

161.    Defendants deny as untrue the allegations set forth in this paragraph.

## SATURDAY

162.    Defendants avow that CHT Saturday documented Plaintiff's pulse on March

6, 2019 at 12:00.  Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

163.   Defendants avow that CHT Saturday documented advising Nurse Sonja following her encounter with Mr. Rollins. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

164.   Defendants avow that CHT Saturday documented in Mr. Rollins' medical record "Pt. sent to medical." Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

165.   Defendants avow that Correctional Health Services personnel owe their patients a duty of reasonable care and to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which (s)he belongs within the state acting in the same or similar circumstances. Defendants further avow that Defendant Saturday met and fulfilled her duty of care.

166.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

167.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

168.   Defendants deny as untrue the allegations set forth in this paragraph.

169.   Defendants deny as untrue the allegations set forth in this paragraph.

170.   Defendants deny as untrue the allegations set forth in this paragraph.

**OLUWASEUN**

171.   Defendants avow that CHT Saturday documented advising Nurse Sonja following her encounter with Mr. Rollins. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

172.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

173.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

174.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

175.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

176.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand

proof from Plaintiff.

177.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

178.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

179.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

180.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

**CS564**

181.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

182.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

183.    Defendants avow that Correctional Health Services personnel owe their patients a duty of reasonable care and to exercise that degree of care, skill and learning

expected of a reasonable, prudent health care provider in the profession or class to which (s)he belongs within the state acting in the same or similar circumstances. Defendants avow that Correctional Health Services personnel met and fulfilled their duty of care.

184.   Defendants deny as untrue the allegations contained in this paragraph.

185.   Defendants deny as untrue the allegations contained in this paragraph.

### **PAC-Med**

186.   Defendants avow that Mr. Rollins' medical records document that he presented to the clinic on March 11, 2019.  Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

187.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

188.   Defendants avow that Mr. Rollins' medical records document that Correctional Health Services personnel contacted PA Lindsay Burke on March 11, 2019. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

189.   Defendants avow that Mr. Rollins' medical records document that Correctional Health Services personnel contacted PA Lindsay Burke on March 11, 2019. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand

proof from Plaintiff.

190.   Defendants deny as untrue the allegations contained in this paragraph.

191.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

192.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

193.   Defendants avow that Correctional Health Services personnel owe their patients a duty of reasonable care and to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which (s)he belongs within the state acting in the same or similar circumstances. Defendants avow that Correctional Health Services personnel met and fulfilled their duty of care.

194.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

195.   Defendants deny as untrue the allegations contained in this paragraph.

196.   Defendants deny as untrue the allegations contained in this paragraph.

## **BURKE**

197.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

198.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

199.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

200.   Defendants avow that Correctional Health Services personnel owe their patients a duty of reasonable care and to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which (s)he belongs within the state acting in the same or similar circumstances. Defendants further avow that Defendant Burke met and fulfilled her duty of care.

201.   Defendants deny as untrue the allegations set forth in this paragraph.

202.   Defendants deny as untrue the allegations set forth in this paragraph.

203.   Defendants deny as untrue the allegations set forth in this paragraph.

### **CONTRERAS**

204.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

205.   Defendants avow that Mr. Rollins' medical records document that Nurse Contreras took and documented his vital signs. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

206.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

207.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

208.   Defendants deny as untrue the allegations set forth in this paragraph.

209.   Defendants avow that Correctional Health Services personnel owe their patients a duty of reasonable care and to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which (s)he belongs within the state acting in the same or similar circumstances. Defendants further avow that Defendant Contreras met and fulfilled her duty of care.

210.   Defendants deny as untrue the allegations set forth in this paragraph.

211.   Defendants deny as untrue the allegations set forth in this paragraph.

212.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

213.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

214.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand

proof from Plaintiff.

215.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

216.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

217.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

218.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

219.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

220.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

221.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

222.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

223.   Defendants deny as untrue the allegations set forth in this paragraph.

224.   Defendants deny as untrue the allegations set forth in this paragraph.

225.   Defendants deny as untrue the allegations set forth in this paragraph.

226.   Defendants deny as untrue the allegations set forth in this paragraph.

227.   Defendants deny as untrue the allegations set forth in this paragraph.

228.   Defendants deny as untrue the allegations set forth in this paragraph.

229.   Defendants avow that Correctional Health Services personnel owe their patients a duty of reasonable care and to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which (s)he belongs within the state acting in the same or similar circumstances. Defendants further avow that Defendants met and fulfilled their duty of care.

230.   Defendants deny as untrue the allegations set forth in this paragraph.

231.   Defendants deny as untrue the allegations set forth in this paragraph.

232.   Defendants deny as untrue the allegations set forth in this paragraph.

## SECOND CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING AND SUPERVISION
### (Defendants Phillips, Maricopa County and APN)

233.   Defendants reassert and incorporate by reference their responses to all previous paragraphs of Plaintiff's First Amended Complaint as if fully set forth herein.

## COUNTY

234.    Defendants admit that, under certain facts and circumstances, Maricopa County may bear *respondeat superior* liability for the acts of its employees acting within the course and scope of their employment. Defendants deny as untrue the remaining allegations contained in this paragraph.

235.    Defendants admit that, at all times relevant, Defendants Burke, Schroeder, Kohlmann, Contreras, Aquino and Saturday were acting within the course and scope of their employment with Maricopa County. Defendants deny as untrue the remaining allegations contained in this paragraph.

236.    Defendants deny as untrue the allegations contained within this paragraph and avow that registered nurses and correctional health technicians are not licensed to, cannot, and did not, provide medical care or medical treatment to Mr. Rollins.

237.    Defendants admit that, at all times relevant, Defendants Burke, Schroeder, Kohlmann, Contreras, Aquino and Saturday were acting within the course and scope of their employment with Maricopa County. Defendants deny as untrue the remaining allegations contained in this paragraph.

238.    Defendants deny as untrue the allegations contained in this paragraph.

239.    Defendants admit that, at all times relevant, Defendants Burke, Schroeder, Kohlmann, Contreras, Aquino and Saturday were acting within the course and scope of their employment with Maricopa County. Defendants deny as untrue the remaining allegations contained in this paragraph.

240.    Defendants deny as untrue the allegations contained within this paragraph and

avow that registered nurses and correctional health technicians are not licensed to, cannot, and did not provide medical care or medical treatment to Mr. Rollins.

241.   Defendants admit that, at all times relevant, Defendants Burke, Schroeder, Kohlmann, Contreras, Aquino and Saturday were acting within the course and scope of their employment with Maricopa County. Defendants deny as untrue the remaining allegations contained in this paragraph.

242.   Defendants deny as untrue the allegations set forth in this paragraph.

243.   Defendants deny as untrue the allegations set forth in this paragraph.

244.   Defendants deny as untrue the allegations set forth in this paragraph.

245.   Defendants deny as untrue the allegations set forth in this paragraph.

246.   Defendants deny as untrue the allegations set forth in this paragraph.

247.   Defendants deny as untrue the allegations set forth in this paragraph.

248.   Defendants deny as untrue the allegations set forth in this paragraph.

249.   Defendants deny as untrue the allegations set forth in this paragraph.

250.   Defendants deny as untrue the allegations set forth in this paragraph.

## PHILLIPS

251.   Defendants deny as untrue the allegations set forth in this paragraph.

252.   Defendants admit the allegations contained in this paragraph.

253.   Defendants deny as untrue the allegations set forth in this paragraph.

254.   Defendants admit that, at all times relevant, Defendants Burke, Schroeder, Kohlmann, Contreras, Aquino and Saturday were acting within the course and scope of their employment with Maricopa County. Defendants deny as untrue the remaining

allegations contained in this paragraph.

255.    Defendants deny as untrue the allegations contained within this paragraph and avow that registered nurses and correctional health technicians are not licensed to, cannot, and did not, provide medical care or medical treatment to Mr. Rollins.

256.    Defendants admit that, at all times relevant, Defendants Burke, Schroeder, Kohlmann, Contreras, Aquino and Saturday were acting within the course and scope of their employment with Maricopa County. Defendants deny as untrue the remaining allegations contained in this paragraph.

257.    Defendants deny as untrue the allegations set forth in this paragraph.

258.    Defendants deny as untrue the allegations set forth in this paragraph.

259.    Defendants deny as untrue the allegations set forth in this paragraph.

260.    Defendants deny as untrue the allegations set forth in this paragraph.

261.    Defendants deny as untrue the allegations set forth in this paragraph.

262.    Defendants deny as untrue the allegations set forth in this paragraph.

263.    Defendants deny as untrue the allegations set forth in this paragraph.

264.    Defendants deny as untrue the allegations set forth in this paragraph.

## **APN**

265.    Based upon information and belief, Defendants avow that a contract was entered into between Vizient Workforce Optimization and Defendant APN pursuant to which healthcare personnel employed by APN provided healthcare services to inmates in the Maricopa County Sheriff's Office Jails.

266.    Defendants lack information upon which to form a belief as to the truth of the

allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

267.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

268.   Defendants deny as untrue the allegations contained in this paragraph.

269.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

270.   Defendants deny as untrue that Defendant Oluwaseun was employed by Maricopa County.  Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

271.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

272.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

273.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

274.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

275.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

276.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

277.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

278.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

## THIRD CAUSE OF ACTION

**DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED**

**42 U.S.C. §1983**

**FOURTH[1] AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION**

279.   Defendants reassert and incorporate by reference their responses to all

---

[1] Pursuant to the parties' stipulation, Plaintiff's Fourth Amendment claims have been dismissed by the Court.  (Doc. 24 at page 2, footnote 3)

previous paragraphs of Plaintiff's First Amended Complaint as if fully set forth herein.

280.   Defendants admit that, at all times relevant, Defendants Schroeder, Kohlmann, Burke and Contreras were acting under color of state law. Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

281.   Defendants admit the allegations contained in this paragraph.

282.   Defendants admit that a pretrial detainee has a right under the Due Process Clause of the Fourteenth Amendment to receive medical care.

283.   Defendants avow that the Fourteenth Amendment protects pretrial detainees against deprivations of liberty accomplished without due process of law.

284.   Defendants avow that Mr. Rollins underwent a Receiving Screening and a Healthcare Assessment at the time he was booked into jail.

285.   Defendants avow that Mr. Rollins was seen by healthcare staff during his incarceration.

286.   Because the allegations contained in this paragraph are vague and lack temporal specificity, Defendants lack information upon which to form a belief as to the truth of the allegations and therefore deny the same as untrue and demand proof from Plaintiff.

287.   Defendants avow that Mr. Rollins was seen by healthcare staff during his incarceration and that corresponding entries were made in his healthcare record by healthcare staff. Defendants deny as untrue the remaining allegations contained in this paragraph.

288.   Defendants deny as untrue the allegations contained in this paragraph.

289.   Defendants deny as untrue the allegations contained in this paragraph.

290.   Defendants deny as untrue the allegations contained in this paragraph.

291.   Defendants deny as untrue the allegations contained in this paragraph.

292.   Defendants deny as untrue the allegations contained in this paragraph.

293.   Defendants deny as untrue the allegations contained in this paragraph.

294.   Defendants deny as untrue the allegations contained in this paragraph.

295.   Defendants deny as untrue the allegations contained in this paragraph.

296.   Defendants deny as untrue the allegations contained in this paragraph.

297.   Defendants deny as untrue the allegations contained in this paragraph.

298.   Defendants deny as untrue the allegations contained in this paragraph.

## **SCHROEDER**

299.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

300.   Defendants admit the allegations contained in this paragraph.

301.   Defendants admit the allegations contained in this paragraph.

302.   Defendants admit the allegations contained in this paragraph.

303.   Defendants admit the allegations contained in this paragraph.

304.   Defendants avow that Nurse Aquino documented in Mr. Rollins' medical records the conversation she had with PA Schroeder.  Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph

and therefore deny the same and demand proof from Plaintiff.

305.    Defendants deny as untrue the allegations contained in this paragraph.

306.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

307.    Defendants deny as untrue the allegations contained in this paragraph.

308.    Defendants deny as untrue the allegations contained in this paragraph.

309.    Defendants deny as untrue the allegations contained in this paragraph.

310.    Defendants deny as untrue the allegations contained in this paragraph.

311.    Defendants deny as untrue the allegations contained in this paragraph.

312.    Defendants deny as untrue the allegations contained in this paragraph.

313.    Defendants deny as untrue the allegations contained in this paragraph.

314.    Defendants deny as untrue the allegations contained in this paragraph.

315.    Defendants deny as untrue the allegations contained in this paragraph.

316.    Defendants deny as untrue the allegations contained in this paragraph.

317.    Defendants deny as untrue the allegations contained in this paragraph.

### **KOHLMANN**

318.    Defendants avow that Nurse Kohlmann met with Mr. Rollins on March 6, 2019.  Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

319.    Defendants avow that Nurse Kohlmann recorded her encounter with Mr.

Rollins in his medical records.  Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

320.   Defendants avow that Nurse Kohlmann recorded her encounter with Mr. Rollins in his medical records.  Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

321.   Defendants avow that Nurse Kohlmann recorded her encounter with Mr. Rollins in his medical records.  Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

322.   Defendants deny as untrue the allegations contained in this paragraph.

323.   Defendants deny as untrue the allegations contained in this paragraph.

324.   Defendants deny as untrue the allegations contained in this paragraph.

325.   Defendants deny as untrue the allegations contained in this paragraph.

326.   Defendants deny as untrue the allegations contained in this paragraph.

327.   Defendants deny as untrue the allegations contained in this paragraph.

328.   Defendants deny as untrue the allegations contained in this paragraph.

329.   Defendants deny as untrue the allegations contained in this paragraph.

**<u>OLUWASUEUN</u>**

330.   Defendants avow that CHT Saturday took and recorded Mr. Rollins' vital signs on March 6, 2019.  Defendants lack information upon which to form a belief as to the

truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

331.   Defendants avow that CHT Saturday took and recorded Mr. Rollins' vital signs on March 6, 2019.  Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

332.   Defendants avow that CHT Saturday took and recorded Mr. Rollins' vital signs on March 6, 2019.  Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

333.   Defendants avow that CHT Saturday took and recorded Mr. Rollins' vital signs on March 6, 2019.  Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

334.   Defendants avow that CHT Saturday took and recorded Mr. Rollins' vital signs on March 6, 2019.  Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

335.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

336.   Defendants lack information upon which to form a belief as to the truth of the

allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

337.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

338.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

339.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

340.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

341.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

342.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

343.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand

proof from Plaintiff.

344.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

345.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

346.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

**CS564**

347.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

348.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

349.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

350.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand

proof from Plaintiff.

351.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

352.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

353.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

354.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

## **PAC-Med**

355.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

356.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

357.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand

proof from Plaintiff.

358.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

359.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

360.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

361.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

362.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

363.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

364.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

365.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

366.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

367.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

368.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

369.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

370.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

371.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

/ / /

**BURKE**

372.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

373.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

374.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

375.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

376.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

377.    Defendants deny as untrue the allegations set forth in this paragraph.

378.    Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

379.    Defendants deny as untrue the allegations set forth in this paragraph.

## CONTRERAS

### First Encounter

380.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

381.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

382.   Defendants admit that Nurse Contreras took and recorded Mr. Rollins' vital signs.

383.   Defendants deny as untrue the allegations set forth in this paragraph.

384.   Defendants deny as untrue the allegations set forth in this paragraph.

385.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

386.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

387.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

388.   Defendants lack information upon which to form a belief as to the truth of the

allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

389.   Defendants deny as untrue the allegations set forth in this paragraph.

390.   Defendants deny as untrue the allegations set forth in this paragraph.

391.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

392.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

393.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

394.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

**Second Encounter**

395.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

396.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand

proof from Plaintiff.

397.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

398.   Defendants deny as untrue the allegations set forth in this paragraph.

399.   Defendants deny as untrue the allegations set forth in this paragraph.

400.   Defendants deny as untrue the allegations set forth in this paragraph.

401.   Defendants deny as untrue the allegations set forth in this paragraph.

402.   Defendants deny as untrue the allegations set forth in this paragraph.

403.   Defendants deny as untrue the allegations set forth in this paragraph.

404.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

405.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

406.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

407.   Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

408. Defendants deny as untrue the allegations set forth in this paragraph.

409. Defendants deny as untrue the allegations set forth in this paragraph.

410. Defendants deny as untrue the allegations set forth in this paragraph.

411. Defendants deny as untrue the allegations set forth in this paragraph.

412. Defendants deny as untrue the allegations set forth in this paragraph.

413. Defendants deny as untrue the allegations set forth in this paragraph.

414. Defendants avow that Mr. Rollins' medical records document the healthcare that was provided to him while he was in custody.  Defendants lack information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

415. Defendants lack information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same as untrue and demand proof from Plaintiff.

416. Defendants deny as untrue the allegations set forth in this paragraph.

417. Defendants deny as untrue the allegations set forth in this paragraph.

418. Defendants deny as untrue the allegations set forth in this paragraph.

419. Defendants deny as untrue the allegations set forth in this paragraph.

420. Defendants deny as untrue the allegations set forth in this paragraph.

421. Defendants deny as untrue the allegations set forth in this paragraph.

422. Defendants deny as untrue the allegations set forth in this paragraph.

/ / /

/ / /

**AFFIRMATIVE DEFENSES**

1.      Defendants Maricopa County, Phillips, Burke, Schroeder, Contreras, Kohlmann, Saturday, and Aquino deny each and every allegation contained in Plaintiff's First Amended Complaint not specifically admitted or qualified herein.  All conclusions, contentions, arguments, and inferences not specifically admitted are denied in their entirety.

2.      Defendants Maricopa County, Phillips, Burke, Schroeder, Contreras, Kohlmann, Saturday, and Aquino allege all affirmative defenses listed in Federal Rule of Civil Procedure 8(c), as well as any other affirmative defenses that may come to light during discovery, including but not limited to: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter which constitutes an avoidance or affirmative defense.

3.      Defendants Maricopa County, Phillips, Burke, Schroeder, Contreras, Kohlmann, Saturday, and Aquino allege all defenses listed in Federal Rule of Civil Procedure 12(b), as well as any other defenses that may come to light during discovery, including but not limited to:  lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, and failure to join a party under Rule 19.

4.      Defendants Maricopa County, Phillips, Burke, Schroeder, Contreras, Kohlmann, Saturday, and Aquino allege that Plaintiff has failed to mitigate her damages.

5.      Defendants Maricopa County, Phillips, Burke, Schroeder, Contreras, Kohlmann, Saturday, and Aquino allege that Plaintiff is contributorily or comparatively at fault for any alleged injuries and damages and such fault should bar Plaintiff from any recovery or should reduce Plaintiff's alleged damages by her percentage of comparative fault.

6.      Defendants Maricopa County, Phillips, Burke, Schroeder, Contreras, Kohlmann, Saturday, and Aquino allege that Plaintiff cannot demonstrate that any deprivation of constitutional rights occurred as a result of any officially adopted policy, practice or custom and, thus, no officially adopted policy, practice or custom can give rise to liability on the part of Defendants.  Further, Plaintiff cannot establish that any policy, practice or custom proximately caused her alleged damages.

7.      Defendants Maricopa County, Phillips, Burke, Schroeder, Contreras, Kohlmann, Saturday, and Aquino allege that they are entitled to absolute and/or qualified immunity under Federal and/or State law.

8.      Defendants Maricopa County, Phillips, Burke, Schroeder, Contreras, Kohlmann, Saturday, and Aquino allege that the actual and/or proximate cause of the subject incident may have been the fault of a person or entity other than Defendants. Defendants will supplement this section if/when the identity of those persons or entities becomes known in accordance with the Rules of Civil Procedure.

9.      Defendants Maricopa County, Phillips, Burke, Schroeder, Contreras, Kohlmann, Saturday, and Aquino allege that Plaintiff has failed to state a claim upon which relief can be granted.

10.     Defendants Maricopa County, Phillips, Burke, Schroeder, Contreras, Kohlmann, Saturday, and Aquino allege that they acted in good faith without knowingly violating any clearly established constitutional right of the Plaintiff.

11.     Defendants Maricopa County, Phillips, Burke, Schroeder, Contreras, Kohlmann, Saturday, and Aquino allege that they are entitled to all privileges and immunities extended to governmental entities and employees under state and federal law.

12.     Defendants Maricopa County, Phillips, Burke, Schroeder, Contreras, Kohlmann, Saturday, and Aquino allege that they have not knowingly or intentionally waived any applicable defenses or affirmative defense. If it appears that any defense or affirmative defense is or may be applicable after Defendants have had the opportunity to conduct reasonable discovery in this matter, Defendants will assert such defenses or affirmative defenses in accordance with the Federal Rules of Civil Procedure.

**WHEREFORE**, having fully answered Plaintiff's First Amended Complaint, Defendants Maricopa County, Phillips, Burke, Schroeder, Contreras, Kohlmann, Saturday and Aquino hereby request the following relief:

1.  That this action be dismissed with prejudice as to Defendants Maricopa County, Phillips, Burke, Schroeder, Contreras, Kohlmann, Saturday, and Aquino, with Plaintiff taking nothing and with Judgment entered in favor of Defendants Maricopa County, Phillips, Burke, Schroeder, Contreras, Kohlmann, Saturday, & Aquino;

2.  That Plaintiff be ordered to pay Defendants Maricopa County, Phillips, Burke, Schroeder, Contreras, Kohlmann, Saturday and Aquino's costs and attorney fees; and

3.  For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38, Defendants Maricopa County, Phillips, Burke, Schroeder, Contreras, Kohlmann, Saturday and Aquino demand a trial by jury on all issues triable by a jury.

**RESPECTFULLY SUBMITTED** this 16th day of November 2020.

ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

BY: /s/ Sherle R. Flaggman
    SHERLE R. FLAGGMAN
    MAXINE S. MAK
    Deputy County Attorneys
    *Attorneys for Defendants Maricopa County,*
    *Phillips, Burke, Schroeder, Contreras,*
    *Kohlmann, Saturday & Aquino*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2020, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable Dominic W. Lanza
United States District Court
Sandra Day O'Connor U.S. Courthouse, Ste. 621
401 West Washington Street, SPC 46
Phoenix, AZ 85003-2151

Honorable Eileen S. Willet
Magistrate Judge
United States District Court
Sandra Day O'Connor U.S. Courthouse, Ste. 321
401 West Washington Street, SPC 15
Phoenix, AZ 85003-2120

/ / /

/ / /

Ursula H. Gordwin, Esq.
GORDWIN LAW PLLC
1839 E. Queen Creek Rd., Ste. 1
Chandler, AZ 85286
ursula@gordwinlaw.com
*Attorney for Plaintiff*

Gina M. Bartoszek
Carl F. Mariano
Lewis Brisbois Bisgaard & Smith, LLP
2929 North Central Ave, Ste 1700
Phoenix, AZ 85012
Gina.bartoszek@leisbriosbois.com
Carl.mariano@lewisbrisbois.com
*Attorneys for Defendant Oluwaseun*


/s/ S. Rojas

S:\CIVIL\CIV\Matters\CJ\2019\Rollins v. MC, et al. CJ19-0080 MIDP\Pleadings\Answer FAC 11162020.docx

57